MELVIN J. McBRIDE, PLAINTIFF-APPELLANT, v. CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued November 9, 1976—Decided December 23, 1976.

Mr. *Paul R. D'Amato* argued the cause for plaintiff-appellant (Mr. *Stephen Hankin,* attorney).

*Mr. Murray Fredericks* argued the cause for defendant-respondent.

PER CURIAM. The judgment against plaintiff and in favor of defendant is affirmed essentially for the reasons set forth in the trial court's opinion. 146 *N. J. Super.* 498 (Law Div. 1975). We add the following because our dissenting brethren would remand the matter for a finding as to whether plaintiff, as he testified at trial, "requested the opportunity to consult counsel before making a choice between resignation and subjection to criminal charges and was told by Commissioner Floriani that if he made such a request he would immediately be arrested."

As the dissent properly points out, the Commissioner denied that plaintiff had made any such request but the trial court made no specific finding as to this factual dispute. However, a finding supporting the Commissioner's contention is necessarily implied in the trial court's determination that plaintiff's resignation was not in fact obtained as the result of illegal means, *i. e.,* coercion or duress. The trial court specifically dealt with defendant's contention that he was not informed of his *Miranda* rights, one of which is the right to consult counsel. The court pointed out that this was not a custodial interrogation and therefore outside the *Miranda* rule. This discussion, insofar as it involved a right to consult counsel, would have been irrelevant unless the trial court had first determined that plaintiff had not requested that he be allowed to consult counsel before reaching a decision.

Affirmed.

CONFORD, P. J. A. D., Temporarily Assigned, dissenting.

I believe this case cannot be satisfactorily resolved without a finding of basic fact which the trial judge did not make. That fact is whether, as plaintiff testified at the trial, he requested the opportunity to consult counsel before making a choice between resignation and subjection to criminal

charges and was told by Commissioner Floriani that if he made such a request he would immediately be arrested.

My reading of the transcript indicates that although the Commissioner denied the making of any such request there is a basis for substantial doubt as to his credibility in that regard. He conceded that if plaintiff had requested the aid of an attorney he would have immediately served him with written charges and would have had him arrested at that point. Testimony by other police officers present, whose motivation to support the Commissioner is obvious, purported to support the latter's testimony. But I find some color of support for the plaintiff's version of the matter between the lines of the testimony of Officer White.

The materiality of an express determination of this issue of fact lies in the principle that in order to constitute legal duress the pressure exerted upon an individual must "be wrongful, and not all pressure is wrongful. And means in themselves lawful must not be so oppressively used as to constitute, *e. g.*, an abuse of legal remedies." *Rubenstein v. Rubenstein,* 20 *N. J.* 359, 367 (1956). As Justice Heher went on to say in the opinion cited:

> The act or conduct complained of need not be 'unlawful' in the technical sense of the term; it suffices if it is 'wrongful in the sense that it is so oppressive under given circumstances as to constrain one to do what his free will would refuse.' *Id.* at 367.

I have no quarrel with the general proposition embraced by the trial court that where a police officer is suspected of having been involved in stealing he cannot complain of duress if he resigns when confronted with a choice between resignation and the preferment of charges, civil and criminal. The trial court recognized that the means accompanying submission of such an option by the administrative authorities to the suspected officer must not be so oppressive as to come within the condemnation of the *Rubenstein* rule. However, the general conclusion of the court "that the defendant did not subject plaintiff to the pressures of a decision which

under our law were tantamount to coercion" is not a satisfactorily particularized finding of fact. There must be an express finding as to whether or not the plaintiff requested an opportunity to consult an attorney before deciding upon the option proffered to him and whether, if he did, Commissioner Floriani responded that he would be immediately arrested if he made such a request. If an affirmative finding of fact were made on the issue thus posed, I would feel constrained to hold that the means employed by the police director were oppressive to the point of constituting legal duress; *per contra* if the finding were in the negative.

The awesome predicament in which plaintiff found himself when confronted with the option submitted to him was such that a layman in his circumstances (albeit a police patrolman) could reasonably request the advice of a lawyer. To compel him to make his decision without allowing such assistance, at the peril of immediate arrest, would be unconscionable, and in my judgment would clearly violate the sound precepts laid down by this court in *Rubenstein*.

I would therefore reverse and remand the case to the trial judge for the purpose of requiring that he make a finding of fact on the tendered issue. The burden of proof on the issue would be upon the plaintiff.

Justice PASHMAN joins in this dissent.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, CLIFFORD and SCHREIBER—5.

*For reversal and remandment*—Justice PASHMAN and Judge CONFORD—2.